Anthony E. Bell (SBN 135811)
Anthony E. Bell Law Offices, Inc.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
(213) 892-6340

James F. Scherer, *pro hac vice pending*
Lichtenfels, Pansing & Miller, P.C.
885 South Colorado Boulevard
Denver, Colorado 80246
(303) 722-6500
(303) 722-9270 (fax)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERNARD LOVE,<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>BAY AREA CABLEVISION, INC.,<br>a California corporation,<br><br>　　　Defendant. | Case No.: C0802012HRL<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND<br><br>Action Date: January 14, 2008<br>Hearing Date: June 3, 2008<br>Trial Date: Not Set<br>Courtroom: 2 |

　　　The plaintiff, Bernard Love, through counsel, Lichtenfels, Pansing & Miller, P.C. and Anthony E. Bell Law Offices, Inc., submits the following Memorandum of Points and Authorities in support of his Motion for Remand.

1

## BACKGROUND

This action involves an agreement purportedly entered into between the parties, in which the plaintiff purported to assign his rights and interest in an FCC broadband license for the San Jose, California area (the "License") to defendant Bay Area Cablevision, Inc.  The plaintiff was issued the License by the FCC in about 1993 (Complaint at ¶ 4).  The plaintiff then entered into a lease of the License (Complaint at ¶ 6, Exhibit 1).  In 1996, a document entitled Agreement for the Assignment of MMDS License ("Assignment Agreement") was executed (Complaint, Exhibit 2).  The Assignment Agreement purported to transfer the plaintiff's rights and interest in the License to defendant Bay Area Cablevision, Inc.  The Plaintiff alleges that the signature on the Assignment Agreement purporting to be his was forged, and that the Assignment Agreement was executed without his knowledge or assent (Complaint at ¶¶ 7-10).

Based upon the Assignment Agreement, Bay Area Cablevision applied to the FCC for approval of the transfer of the license.  The FCC eventually granted Bay Area Cablevision's application for transfer of the License in 1998 (Complaint at ¶¶ 11-13).

The Complaint sets forth two causes of action.  The First Cause of Action seeks declaratory relief pursuant to California C.C.P. §1060.  In this claim, the plaintiff seeks an adjudication that the Assignment Agreement is void and invalid, and seeks a declaration setting aside the transfer of plaintiff's right and interest in the License which is effected by the Assignment Agreement (Complaint at ¶¶ 18-21). The Second Cause of

1  Action seeks an accounting from defendant Bay Area Cablevision, Inc. of its profits realized from the allegedly fraudulent transfer of the License (Complaint at ¶ 23).

## ARGUMENT

Defendant Bay Area Cablevision, Inc.'s Notice of Removal is premised on 28 U.S.C. §1441(b), which provides that a civil action over which the district courts have original jurisdiction, founded on a claim arising out of the Constitution, treaties or laws of the United States, shall be removable to the federal district courts. This case is not founded on any claim or right arising under federal law, and the case is accordingly not properly removable to this Court under §1441(b).

28 U.S.C. §1441(b) is to be strictly construed against removal jurisdiction. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988). The Court must reject federal jurisdiction of there is any doubt as to whether removal is proper. *Duncan v. Stuetzle,* 76 F. 3d 1480, 1485 *(9th Cir. 1996)*; *Gaus v. Miles, Inc.* 980 F.2d 564, 565 *(9th Cir. 1992)*. The removing defendant bears the burden of proving the propriety of removal. *Duncan v. Stuetzle,* supra, 76 F.3d at 1485.

The removal jurisdiction created by §1441(b) is coextensive with the "federal question" original jurisdiction provided by 28 U.S.C. §1331. *Wisconsin Department of Corrections v. Schacht,* 524 U.S. 381, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998); *Crawford v. East Asiatic Co.,* 156 F. Supp. 571 (D.C. Cal. 1957). An action arises under federal law within the meaning of §§1331 and 1441(b) if either: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the

resolution of a substantial question of federal law. *City of Chicago v. International College of Surgeons,* 522 U.S. 156, 164, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997)*; Swords to Plowshares v. Kemp,* 423 F. Supp. 2d 1031, 1033 (N.D. Cal. 2005). A state-law claim may be treated as one "arising under" federal law only where the vindication of the state-law right asserted necessarily turns on some construction of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983); *Swords to Plowshares v. Kemp,* supra, 423 F. Supp. 2d at 1033. In order for federal-question jurisdiction to exist, a substantial proposition of federal law must form a direct and essential element of the plaintiff's cause of action. *Eyak Native Village v. Exxon Corp.,* 25 F. 3d 733, 735 (9th Cir. 1994). The existence of federal-question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 95 L. Ed. 2d 318 (1987).

This case is not properly removable under §1441(b), applying the criteria discussed above. First, the plaintiff's claims for relief rest on state law rather than federal law. The Complaint raises issues as to whether the Assignment Agreement, and the transfer of plaintiff's rights in the License effectuated by that Agreement, are void. The claims for relief stated in the Complaint involve state-law issues relating to the validity and formation of contracts, and accounting.

The plaintiff's right to the relief requested in its Complaint does not depend on the resolution of any question of federal law. As noted above, the plaintiff's Complaint seeks a judicial determination as to the validity of the Assignment Agreement purportedly executed in 1996. The plaintiff is also seeking a judicial determination as to the validity of the purported transfer of plaintiff's rights in the License which is effectuated by that agreement. However, contrary to defendant Bay Area Cablevision, Inc.'s contention in its Notice of Removal, the plaintiff is not seeking any judicial determination as to whether or not the FCC must recognize the plaintiff as the rightful holder of the License, nor is the plaintiff seeking any judicial determination regarding the validity of the FCC's approval of the transfer of the License in 1998. The FCC is not a party to this case; the plaintiff is not seeking an order directed to the FCC regarding its approval of the transfer of the License, either under 28 U.S.C. §1361 or otherwise.

Regulation of use of the electromagnetic spectrum is governed by the Federal Communications Act, 47 U.S.C. §301, et. seq. Under the Act, the FCC is granted exclusive authority to regulate and issue licenses for use of the electromagnetic spectrum (47 U.S.C. §307), and to review and approve any proposed assignment or transfer of any license issued by it (47 U.S.C. §310(d)). In the event that the plaintiff is successful in obtaining the requested judicial determination that the Assignment Agreement is void, the FCC could certainly consider this determination in reviewing its 1998 approval of the transfer of the License from the plaintiff to the defendant, in an appropriate administrative proceeding pursuant to regulations promulgated under §310(d). However, the plaintiff is not seeking a

determination in this case as to the propriety of the FCC's approval of the transfer of the License to the defendant; indeed, such relief is not available under applicable law.

Although the defendant is correct in stating that approval of the transfer of an FCC license is subject to federal law, federal law itself vests exclusive authority to determine the propriety of such license transfers in the FCC. The plaintiff does not, and cannot, seek a determination in this case as to the propriety of the FCC's 1998 approval of the transfer of the License to the defendant. The resolution of the claims that the plaintiff does assert in this case will not involve the application or interpretation of any provision of the Federal Communications Act, or any other provision of federal law. As the plaintiff's right for relief under the claims asserted in the Complaint does not depend on the resolution of any question of federal law, defendant's removal of this case to this Court is improper, and the case should be remanded.

## CONCLUSION

For the reasons stated herein, the plaintiff respectfully requests that the Court remand the within civil action to the Superior Court for the County of Santa Clara, State of California.

Dated: April ____, 2008.

ANTHONY E. BELL LAW OFFICES, INC.

By:/s/ Anthony E. Bell
   333 South Grand Avenue; 25th Floor
   Los Angeles, CA 90071
   (213) 892-6340

6

LICHTENFELS, PANSING & MILLER, P.C.

By:/s/ James F. Scherer
    James F. Scherer
    885 South Colorado Boulevard
    Denver, Colorado 80246
    (303) 722-6500

ATTORNEYS FOR PLAINTIFF

PROOF OF SERVICE

I, Kathleen Travis, in the City and County of Denver, State of Colorado. I am over the age of 18 and not a party to the within action. My business address is: 885 South Colorado Boulevard, Denver, Colorado 80246, and my email address is: kat@lpmlaw.com.

On April 22, 2008, I caused to be served on the interested parties in said action within:

1. Memorandum of Points and Authorities in Support of Motion for Remand.

by placing a true copy thereof in sealed envelope(s) addressed as stated below and causing such envelopes(s) to be deposited in the U.S. Mail at Denver, Colorado:

| | |
|---|---|
| Gregory D. Trimarche | Stephanie A. Blazewicz |
| Bryan Cave, LLP | Bryan Cave, LLP |
| 1900 Main Street; Suite #700 | 2 Embarcadero Center; #1410 |
| Irvine, California 92614-7328 | San Francisco, California 94111 |
| Telephone: 949.223.7000 | Telephone: 415.675.3400 |
| Facsimile: 949.223.7100 | Facsimile: 415.675.3434 |
| Gregory.Trimarche@BryanCave.com | Stephanie.Blazewicz@BryanCave.com |

[ ]    **BY PERSONAL DELIVERY** – I caused document(s) to be hand delivered via Western Messenger to party by close of business day today.

[X]    **BY MAIL** – I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Denver, Colorado in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY FACSIMILE** – I caused said document to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I

received electronic confirmation from the facsimile machine that document was successfully transmitted without error.

[ ]   **BY OVERNIGHT DELIVERY** – Depositing the above document(s) in a box or other facility regularly maintained by FedEx in an envelope or package designated by FedEx with delivery fees paid or provided for.

[ ]   **BY E-MAIL** – I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time shown on each transmission, to each interested party at the email address shown above. Each transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April ____, 2008, at Denver County, Colorado.

_____        _____
(type or print name)                                              (signature)