**BRYAN CAVE LLP**
Gregory D. Trimarche, California Bar No. 143686
1900 Main Street, Suite 700
Irvine, California 92614-7328
Telephone:   (949) 223-7000
Facsimile:    (949) 223-7100
gregory.trimarche@bryancave.com

**BRYAN CAVE LLP**
Stephanie A. Blazewicz, California Bar No. 240359
2 Embarcadero Center, Suite 1410
San Francisco, California  94111
Telephone:   (415) 675-3400
Facsimile:    (415) 675-3434
stephanie.blazewicz@bryancave.com

Attorneys for Defendant and Cross-Complainant
BAY AREA CABLEVISION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERNARD LOVE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BAY AREA CABLEVISION, INC., a California corporation; Does 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.  C0802012 JW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BAY AREA CABLEVISION, INC., IN OPPOSITION TO MOTION FOR REMAND**<br><br>(Santa Clara County Superior Court Case No. 108CV103157)<br><br>Date:   September 8, 2008<br>Time:  9:00 a.m.<br>Ctrm:    8 |

　　　　Defendant BAY AREA CABLEVISION, INC. ("BAC") submits the following Opposition to plaintiff Bernard Love's ("Love") Motion for Remand to the Superior Court for the State of California, County of Santa Clara.  For the reasons below, this action was

properly removed to this Court by BAC based upon federal question grounds, and Love's Motion for Remand should be denied.

## I.    INTRODUCTION

Approximately 16 years ago the FCC awarded Love an FCC license for Broadband Radio Service station WNTM-579 for the Los Gatos, California area (the "License"). The License permits the holder to operate certain radio frequencies on an exclusive basis within a defined geographic area for wireless telecommunications services. On January 22, 1993, Love leased the License to Gulf American, Inc. The lease was subsequently assigned by Gulf American, Inc. to BAC, a related entity. The lease in question contained a purchase option allowing the lessee to acquire the License, subject to FCC approval, from Love for $60,000.00. In 1996, BAC exercised this option and in 1998, following the FCC's approval, became the holder of the License. Since 1998, the FCC has recognized BAC as the sole and rightful holder of the License.

On January 14, 2008, Love filed the present lawsuit asking the Court to direct the FCC to undo its approval of the assignment to BAC and to recognize Love as "true owner of the License." (*See Compl*. at 8.) BAC timely removed the action from state court on April 17, 2008 based upon federal question grounds because the proper holder of an FCC license is purely a question of federal law. Love then moved for remand.

In asking this Court for remand, Love ignores the most relevant allegations in his Complaint and argues that his claim for declaratory relief is based on state law claims because he is "not seeking any judicial determination as to whether or not the FCC must recognize plaintiff as the rightful owner of the License." (*See* Motion at 5.) This argument contradicts Love's Complaint. According to Love's Complaint, "[a] judicial declaration is necessary and appropriate to determine the true ownership of the License. Plaintiff is informed and believes, and thereupon alleges, that the FCC will honor a Judgment or Order from a Court of competent jurisdiction <u>which determines ownership of the license</u>. … WHEREFORE, Plaintiff prays for Judgment, … declaring Plaintiff to be the true owner of the License; …" (Compl. at ¶ 21 and p. 8 (emphasis added).)

As Love readily admits, the ownership, transfer, or assignment of the License is controlled by the Federal Communications Act of 1934 (the "Act"). (*See* Motion at 5.) Accordingly, the Court has original jurisdiction of the relief sought and the Motion for Remand should be denied.

## II.     BACKGROUND AND PROCEDURAL HISTORY

Love's Complaint requests an accounting and a judgment declaring Love to be current holder of the License. (*See* Compl., at ¶ 20.) Love alleges that he successfully applied for the License through a lottery held by the FCC in or around 1992. (*Id.* at ¶ 4.) In 1993, Plaintiff entered into an agreement to allow Gulf American, Inc., to lease and use the radio frequencies authorized by the License (the "Lease"). (*Id.* at ¶ 6.) The Lease was assigned to BAC, a related entity, on February 18, 1994. (*Id.* at ¶¶ 7-9.) According to the Complaint, the assignment to BAC occurred without Love's knowledge and/or consent. (*Id.* at ¶ 11.)

In 1998, BAC became the holder of the License after the FCC granted its approval of the assignment of the License to BAC. The FCC has recognized BAC as the rightful holder of the License since that time. (*Id.* at ¶ 13.)

Love filed this action on January 14, 2008 in the Superior Court of the State of California, County of Santa Clara. Love seeks an accounting "of profits obtained by defendants as a result of their exploitation of the fraudulently obtained license, …" (*Id.* at 8.) Love also requests a declaratory judgment that he is the rightful holder of the License. (*Id.* at ¶¶ 17-21.). The summons and complaint were first served on BAC in or around March, and BAC timely filed a Notice of Removal on April 17, 2008. Following the Notice of Removal, BAC filed a Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) because Love's claims are barred by the applicable statutes of limitation. BAC's Motion to Dismiss is still pending. On April 24, 2008, Love filed the pending Motion for Remand.

Love asks the Court to determine whether BAC or Love is currently the "rightful owner" of the License and to direct the FCC to undo its recognition of BAC as the proper holder of the License for the past ten years. The relief sought is a federal question and

therefore Love's declaratory judgment claim arises directly under federal law and the Motion for Remand should be denied.

## III. ARGUMENT

Federal district courts have original jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States," and (2) all civil actions between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332. Claims arising under § 1331 are removable under 28 U.S.C. § 1441(b) which permits removal of "[a]ny civil action" filed in a state court over which "the district courts [of the United States] have original jurisdiction." Here, the lawsuit was properly removed because Love's declaratory judgment claim arises under federal law and cannot be litigated without resolving disputed and substantial questions of federal law.

### A. Love's Complaint Sets Forth Substantial Questions of Federal Law

Even if state law creates Love's causes of action (all of which would be time barred), the case may still "arise under" the laws of the United States if a well-pleaded complaint establishes that plaintiff's "right to relief under state law requires resolution of a substantial question of federal law." *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 164 (1997) (quoting *Franchise Tax Bd. of State Of Cal. v. Constr. Laborers Vacation Trust For S. Cal.,* 463 U.S. 1, 13 (1983)) (case arises under federal law when federal law creates cause of action or plaintiff's right to relief necessarily depends on resolution of substantial question of federal law); *see also Lee v. American Natl. Ins. Co.*, 260 F.3d 997 (9th Cir. 2001). In such a case, federal jurisdiction is based on "the presence of a federal issue in a state-cause of action." *Merrell Dow Pharms., Inc., v. Thompson,* 478 U.S. 804, 810 (1986). A state law claim falls within the federal question doctrine when: (1) "a substantial, disputed question of federal law is a *necessary* element of ... the well-pleaded state claim," *Rains v. Criterion Systems Inc.,* 80 F.3d 339, 344 (9th Cir. 1996) (internal citation omitted) (emphasis in original) or the claim is an "inherently federal claim" articulated in state-law terms, *Brennan v. Southwest Airlines Co.,* 134 F.3d 1405, 1409 (9th

Cir. 1998), or (2) "the right to relief depends on the resolution of a substantial, disputed federal question." *Id*.

Here, there is a substantial question of federal law necessary for Love's requested relief. Love asks this Court to declare him the holder of the License. The question of under what circumstances FCC-regulated spectrum license can be granted, assigned, or transferred is based exclusively on federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089 (9th Cir. 2002) ("[T]he well pleaded complaint rule applies to declaratory judgment cases. . . .") Indeed, Love cannot obtain the declaratory relief he seeks without first prevailing on the issue of whether, under the Act, Love can and should be recognized as the current owner of the License. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 195 (2d Cir. 2005) (finding that plaintiff stated a claim arising under federal law where he "cannot obtain the declaratory judgment he seeks . . . without prevailing on the issue of whether [defendant] in fact violated [federal law]"). In other words, Love is asking the Court to direct that the FCC return the License to him. To answer this question, the Court must look to the Act regarding the issuances, transfer, and maintenance of FCC licenses and to other federal law regarding the actions of administrative agencies such as the FCC. Under the federal question doctrine, the matter was properly removed by BAC.

In his Motion for Remand, Love readily admits that "approval of the transfer of an FCC license is subject to federal law," but then disclaims his request in his Complaint that the Court declare Love to be the current "owner" of the License. (Motion for Remand at 6.) This is not permitted as, Love is bound by the allegations in his Complaint, at least with respect to jurisdiction analysis. *See National Credit Reporting Ass'n v. Experian Info. Solutions, Inc.*, 2004 WL 1888769, at *4 (N.D. Cal. July 21, 2004) ("The complaint alleged unlawful business practices which rested on federal law. Plaintiff cannot at this juncture re-write its complaint."). Whether or not a removal is proper is determined at the time of removal. *Nolan v. Boeing*, 919 F.2d 1058, 1063, fn. 5 (5th Cir. 1990) ("In removed cases, the existence of federal subject matter jurisdiction is determined at the time of removal."). Once a defendant properly removes a case to federal court, a plaintiff may

1 not defeat the removal by amending the complaint or otherwise limiting the scope of his
2 allegations. *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d. Cir. 1993) (when evaluating
3 jurisdiction and motion for remand, courts must look to the allegations contained in the
4 complaint).

5       Furthermore, Love cannot creatively draft his explicit demand for the return of the
6 License in undisclosed time-barred state law claims to avoid removal. *See*, *e.g.*, *Hansen v.*
7 *Blue Cross of California,* 891 F.2d 1384, 1389 (9th Cir. 1989) (quoting *Paige v. Henry J.*
8 *Kaiser Co.,* 826 F.2d 857, 860 (9th Cir. 1987))("'The artful pleading doctrine is a corollary
9 to the well-pleaded complaint rule, and provides that '[a]lthough the plaintiff is master of
10 his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint
11 allegations of federal law that are essential to the establishment of his claim.'")  The artful
12 pleading doctrine allows courts to "delve beyond the face of the state court complaint and
13 find federal question jurisdiction" by "recharacteriz[ing] a plaintiff's state-law claim as a
14 federal claim." *Precision Pay Phones v. Qwest Communications Corp.,* 210 F.Supp.2d
15 1106, 1112-13 (N.D.Cal. 2002) (citing *Hunter v. United Van Lines,* 746 F.2d 635, 640 (9th
16 Cir. 1985)).  In his Motion for Remand, Love forum shops by claiming that he is not suing
17 BAC for a determination as to the current status of the License – a question that would
18 give rise to federal subject matter jurisdiction.  Contrary to this assertion, Love's
19 Complaint makes it abundantly clear that Love is demanding the reassignment of the
20 License from BAC to Love and for the FCC to effectuate this reassignment.  Assuming
21 that it would be appropriate for this Court to declare Love the "true owner of the license"
22 as requested, substantial, disputed questions of federal law are *necessary* elements of
23 Love's request.  Accordingly, the matter was properly removed and the Motion for
24 Remand should be denied.

25       As the Supreme Court has recognized, "the Commission's regulatory powers center
26 around the grant of licenses." *Regents of Univ. Sys. of Georgia v. Carroll*, 338 U.S. 586,
27 598 (1950).  The Act charges the FCC with "maintain[ing] the control of the United States
28 over all the channels of radio transmission" and "providing for the use of such channels,

1 but not the ownership thereof, by persons for limited periods of time, under licenses
2 granted by Federal authority." 47 U.S.C. 301.  The grant of a license confers a limited
3 right, and the FCC retains regulatory authority over the use of the license during the
4 license term.  Licensees are required to comply with restrictions set forth in Title III, Part I
5 of the Act, 47 U.S.C. 301-336, and governing regulations, 47 C.F.R. Pt. 73.  For example,
6 a license may be suspended, modified, or revoked for violation of those rules. 47 U.S.C.
7 312(a).  Furthermore, transfer or assignment of the license during the license term, as well
8 as renewal of the license, are subject to FCC approval.  47 U.S.C. 307(c), 309(h) and (k),
9 310(d).  Section 307(a) directs the Commission to exercise its licensing authority in the
10 "public convenience, interest, or necessity."  47 U.S.C. 307(a).

11       It is well settled that the FCC has exclusive jurisdiction over the management of the
12 radio spectrum and the licensing of wireless carriers.  47 U.S.C. § 301.  "Congress has
13 determined that overall management of the radio spectrum and the licensing of radio
14 facilities are areas within the exclusive jurisdiction of the Federal government." *An*
15 *Inquiry Into the Use of the Bands 825-845 MHz and 870-890 MHz for Cellular*
16 *Communications Systems*, 86 FCC 2d 469 (1981), ¶ 80.  Congress has asserted exclusive
17 federal control over all interstate wire and radio communications systems through the
18 establishment of the FCC and, as a result, is the sole authority for licensing radio
19 frequencies and regulating the technical aspects of wireless communications under Act
20 *See, e.g.,* 47 U.S.C. 310(d) ("No construction permit or station license, or any rights there
21 under, shall be transferred, assigned, or disposed of in any manner, . . . except upon
22 application to the Commission and upon finding by the Commission that the public
23 interest, convenience, and necessity will be served thereby"); *Principles for Promoting the*
24 *Efficient Use of Spectrum by encouraging the Development of Secondary Markets,* 15
25 F.C.C. Rcd 24178 (2000) ("Our rules and policies pursuant to Section 310(d) require that
26 assignment or transfers of control of licenses be approved by the Commission and that
27 licensees maintain control over and responsibility for their assigned spectrum, equipment
28 and operations").

1   Whether Love could or should be declared the "true owner of the License" as
2   requested, would require this Court to invade the province of the FCC and the Federal
3   courts which have the jurisdiction to hear challenges to the administrative actions of the
4   FCC. There is simply no other way to analyze Love's requested relief. A necessary
5   element of Love's cause of action concerns how FCC licenses are granted, held,
6   transferred and assigned. Accordingly, under the substantial federal question doctrine,
7   Love's request provides this Court with original jurisdiction and the matter was properly
8   removed by BAC. The Motion for Remand should be denied.

      **B.   State Court Adjudication of Federal Law Could Create Conflicting Results**

Jurisdiction within the federal courts is particularly appropriate in areas where, as here, there is a need for national uniformity. *See*, *e.g.*, *Beneficial Nat'l Bank v. Anderson*, 123 S. Ct. 2058, 2063-64 (2003); *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 805 (4th Cir.1996) ("[W]here the resolution of a federal issue in a state-law cause of action could, because of different approaches and inconsistency, undermine the stability and efficiency of a federal statutory regime, the need for uniformity becomes a substantial federal interest, justifying the exercise of jurisdiction by federal courts"). Federal communications policy has long recognized the need for such uniformity in the regulation of the operation and licensing of radio frequencies. Certainty in the licensing, development and deployment of facilities using radio frequencies is critically important in advancing the FCC's stated objective of "making available . . . Nationwide radio communications service." This is particularly appropriate where the issue involves a determination of the rightful holder of a FCC license that has not been questioned for the past ten years. To permit state law resolution of Love's claim would immerse the Superior Court for the County of Santa Clara in an area specifically reserved for the FCC's expertise and policy judgments and could result in the promulgation of different and possibly conflicting standards regarding the licensing of radio frequencies. The adjudication of this lawsuit involves a substantial question of federal law and requires the interpretation of federal law.

*ARCO Environmental Remediation, L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000). Accordingly, the Motion for Remand should be denied.

### C. Attorney's Fees

Love's Motion for Remand should be denied. If the Court does grant the motion, however, BAC respectfully requests that the Court deny any claim for attorneys' fees. BAC had objectively reasonable grounds to remove on the basis of federal question jurisdiction.[1] The test is whether "[a] reasonable litigant in [defendant's] position could have concluded federal court was a proper forum in which to litigate the dispute." *Associates Nat'l Bank v. Erum*, 206 Fed. App'x 666, 668 (9th Cir. 2006). Based on the allegations in the Complaint, BAC's decision to remove this case was objectively reasonable.

### IV. CONCLUSION

For all of the foregoing reasons, Love's Motion for Remand should be denied.

Dated: August 18, 2008

BRYAN CAVE LLP
Gregory D. Trimarche
Stephanie A. Blazewicz

By:    /s/ Stephanie A. Blazewicz
     Stephanie A. Blazewicz
Attorneys for Defendant
BAY AREA CABLEVISION, INC.

---

[1] Pursuant to 28 U.S.C. § 1447(c), a remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As the Supreme Court has noted, the statute uses the word "may," and "not 'shall' or 'should.'" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704 (2005). Thus, "an award of fees under § 1447(c) is left to the district court's discretion." 126 S. Ct. at 710. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 711.