**Law Offices of Anthony E. Bell, Inc.**
Anthony E. Bell (SBN 135811)
333 Grand Ave., 25th Floor
Los Angeles, CA 90071
Telephone:   (213) 892-6340
Facsimile:   (213) 995-1800

**Lichtenfels, Pansing & Miller, P.C.**
James F. Scherer (Admitted *Pro Hac Vice*)
885 South Colorado Boulevard
Denver, Colorado 80246
Telephone:   (303) 722-6500
Facsimile:   (303) 722-9270

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| BERNARD LOVE, | Case No.:  C0802012HRL |
| Plaintiff, | PLAINTIFF'S MEMORANDUM AND |
| | POINTS OF AUTHORITIES OF |
| vs. | OPPOSITION TO DEFENDANT'S |
| | MOTION TO DISMISS |
| BAY AREA CABLEVISION, INC., | |
| a California corporation, | Action Date:  January 14, 2008 |
| | Hearing Date:  September 8, 2008 |
| Defendant. | Trial Date:  Not Set |
| | Courtroom:  2 |

The plaintiff, Bernard Love ("Mr. Love"), through counsel, Law Offices of

Anthony E. Bell, Inc. and Lichtenfels, Pansing & Miller, P.C., submits the

following Opposition to defendant Bay Area Cablevision, Inc.'s ("BAC") Motion

to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6).

## **BACKGROUND**

Mr. Love's claims arise out of the purported transfer of his rights in an FCC license for broadband radio service station WNTM-579 for the Los Gatos, California area (the "License") to the defendant, BAC.  The License was issued to Mr. Love, with the assistance of Kingswood Associates, a California firm, in or about 1992 (Complaint at ¶ 4).  Mr. Love retained the services of Kingswood Associates to act as his agent in marketing the License.  In January 1993, Mr. Love, through Kingswood Associates, executed a Channel Lease Agreement, leasing the License to Gulf American, Inc. for a renewable five-year lease term. The lease was subsequently assigned by Gulf American to BAC (Complaint at ¶¶ 5, 6).

In May 1996, a contract was prepared and executed over the signatures of BAC and Mr. Love, entitled Agreement for the Assignment of MMDS License ("Assignment Agreement").  The Assignment Agreement purported to assign Mr. Love's right and interest in the License to BAC.  In his Complaint, Mr. Love alleges that his purported signature on the Assignment Agreement was a forgery, and that the Assignment Agreement was negotiated and executed without his participation, knowledge or assent.  (Complaint at ¶¶ 7, 8).  The payment for the purported assignment was transmitted by BAC to Kingwood Associates, which did not forward the payment to Mr. Love.  Mr. Love's Complaint alleges that BAC and Kingswood Associates intentionally concealed the May 1996 transaction from him (Complaint at ¶ 10).

Based upon the Assignment Agreement, BAC submitted an application to the FCC for assignment of the License to BAC.  The Complaint alleges that the application contained a forged signature, purporting to be that of  Mr. Love.

1   (Complaint at ¶ 11).  The Complaint further alleges that Kingswood Associates and
2   BAC actively concealed the filing of the assignment application from Mr. Love.
3   (Complaint at ¶ 12).
4        Mr. Love's Complaint asserts that, due to the fraudulent concealment by
5   Kingwood Associates and BAC, he was not aware of the existence of the
6   Assignment Agreement, or of the filing of the assignment application, and was
7   unaware that the License had been purportedly assigned to BAC. (Complaint at ¶¶
8   10, 12).  Mr. Love took steps between 1998 and 2006 to ascertain the status of the
9   lease payments which he believed were due him under the January 1993 Channel
10  Lease Agreement, including attempts to contact Kingswood Associates and
11  inquiries directed to the FCC.  These efforts did not result in Mr. Love obtaining
12  any information regarding the status of the License.  (Complaint at ¶ 14).  Mr.
13  Love did not become aware of the purported assignment of the License to BAC
14  until July 2006, when he received a copy of the license transfer application, the
15  Assignment Agreement, and related documentation regarding the purported
16  transfer, from his congresswoman's constituent service office.  (Complaint at ¶
17  15).  Prior to receipt of these materials, Mr. Love had no knowledge or notice of
18  the purported transfer of the License.  (Complaint at ¶ 16).
19       This case was filed in January 2008, in the Santa Clara, California Superior
20  Court, and was subsequently removed by BAC to this Court.  Mr. Love's claim, as
21  set forth in the Complaint, pertains to the purported transfer of the License to BAC.
22  In the Complaint, Mr. Love seeks a declaration that the purported transfer of the
23  License effected by the Assignment Agreement is null and void, and that he is
24  accordingly the true owner of the License.  Mr. Love is also seeking an accounting
25

3

and disgorgement of profits realized by BAC through its possession and use of the License.

## SUMMARY OF ARGUMENT

BAC's Motion to Dismiss is based upon an argument that, based upon the allegations of the Complaint, the case was not filed within the time permitted by the applicable statute of limitations. BAC argues that the statute of limitations began to run in 1996, when BAC assumes, based upon the allegations of the Complaint, that the lease payments due under the 1993 Channel Lease Agreement ceased. BAC argues in the alternative that Mr. Love's claim accrued for statute of limitations purposes in 1998 when, according to the Complaint, Mr. Love began taking measures to ascertain the status of the lease payments due under the Lease Agreement. BAC reasons that the fact that Mr. Love began an inquiry in 1998 necessarily means that he was on inquiry notice of some wrongdoing with respect to the License, as of that time.

BAC's Motion to Dismiss should be denied on two grounds. First, Mr. Love's claims are brought under a theory of constructive fraud, and are accordingly subject to the three-year limitation set forth in Cal. Civil Pro. Code §338(d). This section provides that an action is not deemed to have accrued until the discovery by the plaintiff of the facts constituting the fraud. The general rule is that, where the alleged fraud occurred more than three years prior to the filing of the action, the Complaint must allege the time and circumstances of the plaintiff's discovery of the fraud in order to withstand a motion to dismiss. Mr. Love's Complaint amply meets this requirement.

In addition, BAC relies in its Motion to Dismiss on an incorrect legal standard for accrual of Mr. Love's cause of action. BAC's argument relies upon the "discovery rule" for accrual of a cause of action for statute of limitations purposes. Under the allegations of Mr. Love's Complaint, the accrual of Mr. Love's claim is not subject to the discovery rule, but rather is subject to the doctrine of fraudulent concealment.

The doctrine of fraudulent concealment provides that where the conduct forming the basis for a claim has been deliberately concealed by the defendant, the statute of limitations does not begin to run until such time as the plaintiff has actual knowledge of the facts giving rise to his claim, or awareness or notice of sufficient facts to identify a particular cause of action. Under the allegations of the Complaint, Mr. Love did not have knowledge or notice of the fraudulent transfer and assignment of the License until his receipt of the materials in July 2006. This case was accordingly filed well within the time permitted by the applicable statute of limitations.

## **ARGUMENT**

The legal standard for determining a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is well-established. There exists a powerful presumption against dismissing pleadings for failing to state a cognizable claim for relief, and such dismissals are disfavored. See, e.g., *Maez v. Mountain States Tel. & Tel., Inc.,* 54 F. 3d 1488, 1496 (10th Cir. 1995). A Complaint may not be dismissed under Rule 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Maduka v. Sunrise Hospital*, 375 F.3d 909 (9th Cir. 2004); *Harmsen v. Smith*, 542 F.2d 496 (9th Cir. 1976). When a claim is challenged under Rule 12(b)(6), the

1

court presumes that all well-pleaded allegations are true, resolves all doubts and

2

inferences in the pleader's favor, and views the pleading in the light most favorable

3

to the non-moving party. *Albright v. Oliver*, 510 U.S. 266, 267, 114 S. Ct. 807,

4

810, 127 L. Ed. 2d 114 (1994); *Olson v. United States*, 362 F.3d 1236 (9th Cir.

5

2004).

6

       **1.**       **The allegations of the Complaint are sufficient to withstand**

7

**a motion to dismiss.**

8

       This is an action for declaratory relief and accounting.  However, as pointed

9

out by BAC in its motion, in determining the applicable statute of limitations, the

10

character of the action is determined by the nature of the claim sued upon, rather

11

than the relief sought.  In its motion BAC states, correctly, that the claim set forth

12

in the Complaint as the basis for the requested relief is not actual fraud.  Rather,

13

Mr. Love's claim is based on a theory of constructive fraud, as provided by Cal.

14

Civil Code §1573.  The gist of Mr. Love's claim is that BAC and Mr. Love's

15

agent, Kingswood Associates, conspired to divest him of his rights in the License,

16

without his knowledge or assent.  (Complaint at ¶¶ 7-12).  Mr. Love's claim, as

17

stated in the Complaint, meets the elemental definitions of constructive fraud.  See,

18

e.g., *Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177 (C.D. Cal. 2006); *Tyler v.*

19

*Children's Home Society*, 35 Cal. Rptr. 2d 291, 29 Cal. App. 4th 511 (3 Dist. 1994).

20

       Claims brought on a theory of constructive fraud, including claims arising

21

out of conversion or misappropriation of property by persons in confidential

22

relation with the plaintiff, are governed by Section (d) of Cal. Civil Pro. Code

23

§338, which provides for a three-year statute of limitations.  *Parsons v. Tickner*, 37

24

Cal. Rptr. 2d 810, 816, 31 Cal. App. 4th 1513 (2 Dist. 1995); *Agair Incorporated v.*

25

*Shaeffer*, 42 Cal. Rptr. 883, 885-86, 232 Cal. App. 2d 513 (3 Dist. 1965).  Section

338(d) contains a specific provision regarding accrual, stating that a cause of action subject to the section is not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

The accrual provision contained in §338(d) has given rise to specific pleading requirements for causes of action subject to the section. The rule is that, where the alleged fraud occurred more than three years prior to the filing of the action, the Complaint must allege the time and circumstances of the plaintiff's discovery of the fraud, in order to withstand a motion to dismiss. *McDowell v. Union Mutual Life Insurance Co.*, 404 F. Supp. 136 (C.D. Cal. 1975); *Remus Films, Limited v. William Morris Agency, Inc.*, 53 Cal. Rptr. 526, 244 Cal. App. 2d 763 (2 Dist. 1966); *Gross v. Needham*, 6 Cal. Rptr. 2d 664, 184 Cal. App. 2d 446 (2 Dist. 1960).

Mr. Love's Complaint fully meets the applicable pleading requirements. The Complaint contains detailed allegations regarding the time and circumstances of Mr. Love's discovery of the purported transfer of the License, and details his efforts to obtain information regarding the License. (Complaint at ¶¶ 14-16). Mr. Love's Complaint contains the allegations necessary to withstand a motion to dismiss; BAC's motion should be denied on this ground alone.

**2.      The motion to dismiss relies upon an incorrect legal standard for accrual of Mr. Love's cause of action.**

In addition to overlooking the special pleading requirements under the applicable statute of limitations, BAC fails to apply the proper legal standard for accrual of the cause of action stated in Mr. Love's Complaint. In arguing that Mr. Love's cause of action accrued more than three years prior to the filing of the

action, BAC relies on the "discovery rule". BAC's reliance on the discovery rule is misplaced.

A cause of action ordinarily accrues for statute of limitations purposes when it is 'complete with all of its elements'. *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397, 87 Cal Rptr. 2d 453 (1999). The discovery rule is an exception to the standard rule of accrual. The discovery rule postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. A plaintiff is held to discover his cause of action when he suspects or should suspect that his injury was caused by some wrongdoing. *Jolly v. Eli Lilly and Co.,* 44 Cal. 3d 1103, 1110, 245 Cal. Rptr. 658 (1988); *Kline v. Turner*, 87 Cal. App. 4th 1369, 1373-75, 105 Cal. Rptr. 2d 699 (2001). Under the discovery rule, the limitation period begins to run when a plaintiff has reason at least to suspect a factual basis for the claim. A plaintiff is held to have reason to suspect when he has notice or information of circumstances to put a reasonable person on inquiry; he need not know the specific facts necessary to establish the cause of action. *Norgart v. Upjohn Co.*, *supra*, 21 Cal. 4th at 397-98 (1999).

The fraudulent concealment doctrine constitutes a separate basis on which to delay accrual of a cause of action or statute of limitations purposes. The fraudulent concealment doctrine provides that where a defendant has deliberately concealed from the plaintiff the conduct giving rise to a cause of action, the statute of limitations does not begin to run until the plaintiff has knowledge or notice of the facts giving rise to the specific cause of action asserted. *Garamendi v. SDI Vendome S.A.*, 276 F. Supp. 2d 1030, 1042-43 (C.D. Cal. 2003); *Migliori v. Boeing North American, Inc.*, 114 F. Supp. 2d 976, 982-985 (C.D. Cal. 2000). Unlike the discovery rule, the "notice" which is sufficient under the fraudulent concealment

doctrine to trigger accrual of the statute of limitations is not simply suspicion that wrongdoing caused the plaintiff's injury; rather, notice under the fraudulent concealment doctrine requires an awareness by the plaintiff of sufficient facts to identify the particular cause of action. *Migliori v. Boeing North American, Inc., supra*, 114 F. Supp. at 984. If a plaintiff suspects that he has been wronged, but does not know the specific facts that constitute the wrong, the running of the statute of limitations remains suspended until he learns of those facts, where the defendant has taken steps to conceal them. This is true even if the plaintiff is already on inquiry notice as to his claim. *Garamendi v. SDI Vendome S.A., supra*, 276 F. Supp. 2d at 1042-43. Accordingly, where intentional concealment tolls a statute of limitations, something closer to actual knowledge than mere inquiry notice is required to end the tolling period. *Garamendi v. SDI Vendome S.A., supra*, 276 F. Supp. 2d at 1042, citing *Migliori v. Boeing North American, Inc, supra*, 114 F. Supp. 2d at 983-85.

     In order to establish fraudulent concealment, the Complaint must contain allegations showing (1) when the fraud was discovered; (2) the circumstances under the which the fraud was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts to put him on inquiry. *Migliori v. Boeing North American, Inc., supra*, 114 F. Supp. 2d at 983, citing *Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315, 321, 114 Cal. Rptr. 171 (1974). See also, *Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 858 F. 2d 499, 505 (9th Cir. 1988).

     The doctrine of fraudulent concealment applies under the allegations set forth in Mr. Love's Complaint. The Complaint alleges that BAC and Kingswood Associates, Inc. intentionally concealed from him the purported transfer of the

License, and the application to the FCC for assignment of the License.  (Complaint at ¶¶ 10, 12).  The Complaint states that Mr. Love undertook ongoing measures to ascertain the status of the payments due for his supposed lease of the License, including repeated attempts to contact Kingswood Associates, and inquiries directed to the FCC; despite these efforts, Mr. Love received no information regarding the existence of the purported assignment of the License.  In early 2006, having failed at all other attempts to obtain information regarding the status of the License, Mr. Love contacted the office of U.S. Rep. Diana DeGette (D. Colo.), seeking information regarding the status of the License.  In response to this request, in July 2006, Rep. DeGette's office provided Mr. Love with documentation regarding the purported transfer of the License, including the 1996 Assignment Agreement and the transfer applications submitted by BAC to the FCC.  (Complaint at ¶¶ 14, 15).  The Complaint further alleges that, prior the receipt of the documentation from Rep. DeGette's office in July 2006, Mr. Love had no knowledge or notice of the purported transfer of the License.  (Complaint at ¶ 16).

The accrual principles of the fraudulent concealment doctrine are fully applicable given the factual allegations of the Complaint.  Under these allegations, Mr. Love's cause of action accrued in July 2006, at the time he received the documentation regarding the transfer of the License.  Until that time, Mr. Love had no knowledge or notice that the License had been transferred.  (Complaint at ¶ 16).  This case was filed in January 2008, less than 2 years after Mr. Love's cause of action accrued, and was accordingly filed within the time provided by the applicable statute of limitations.

BAC urges in its motion that BAC's filing of its license transfer application with the FCC (Complaint at ¶ 11) in some way resulted in imputed notice to Mr. Love of the Assignment Agreement, and transfer of the License.  BAC's argument is not supported by the applicable law.  It is well-established that the mere availability of information in public records does not by itself result in imputed knowledge of that information to a plaintiff.  *Bibeau v. Pacific Northwest Research Foundation, Inc.*, 188 F. 3d 1105, 1111 (9th Cir. 1999); *Conmar Corp. v. Mitsui and Co.(U.S.A.), Inc.*, 858 F. 2d 499, 503-04 (9th Cir. 1988).

BAC further contends in its Motion that Mr. Love's investigation, as described in the Complaint, was not reasonable.  This may or may not turn out to be the case, as the relevant facts are developed during the course of the litigation.  However, the question as to whether Mr. Love's investigation was reasonably diligent is a factual determination; a resolution of this factual issue would be wholly inappropriate in the context of determining a Motion to Dismiss under Rule 12(b)(6).

## CONCLUSION

Mr. Love's claims in this case are directed to the fraudulent transfer to BAC of his rights in the License.  The factual allegations of the Complaint establish that Mr. Love's cause of action accrued in July 2006, when Mr. Love finally received information regarding the purported transfer of his interest in the License.  The Complaint accordingly states a claim for which relief may be granted, and BAC's Motion to Dismiss should properly be denied.

Respectfully submitted on August 25, 2008.

11

LAW OFFICES OF ANTHONY E. BELL, INC.

By:    s/ Anthony E. Bell
       333 South Grand Avenue; 25th Floor
       Los Angeles, CA 90071
       (213) 892-6340


LICHTENFELS, PANSING & MILLER, P.C.

By:    s/ James F. Scherer
       James F. Scherer
       885 South Colorado Boulevard
       Denver, Colorado 80246
       (303) 722-6500

ATTORNEYS FOR PLAINTIFF
BERNARD LOVE

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2008, I caused to be served on the interested parties in said action the foregoing MEMORANDUM AND POINTS OF AUTHORITIES OF PLAINTIFF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS via CM/ECF filing to the following:

Gregory D. Trimarche                    Stephanie A. Blazewicz
Bryan Cave, LLP                         Bryan Cave, LLP
1900 Main Street; Suite #700            2 Embarcadero Center; #1410
Irvine, California 92614-7328           San Francisco, California 94111
Telephone:  949.223.7000                Telephone:  415.675.3400
Facsimile:  949.223.7100                Facsimile:  415.675.3434
Gregory.Trimarche@BryanCave.com         Stephanie.Blazewicz@BryanCave.com


                                        s/_____