**LAW OFFICES OF ANTHONY E. BELL, INC.**
Anthony E. Bell (SBN 135811)
333 Grand Ave., 25th Floor
Los Angeles, CA 90071
Telephone:    (213) 892-6340
Facsimile:    (213) 995-1800

**LICHTENFELS, PANSING & MILLER, P.C.**
James F. Scherer (Admitted *Pro Hac Vice*)
885 South Colorado Boulevard
Denver, Colorado 80246
Telephone:    (303) 722-6500
Facsimile:    (303) 722-9270

Attorneys for Plaintiff
BERNARD LOVE

**BRYAN CAVE LLP**
Gregory D. Trimarche (SBN 143686)
3161 Michelson Drive, Suite 1500
Irvine, California 92612
Telephone:    (949) 223-7000
Facsimile:    (949) 223-7100
gregory.trimarche@bryancave.com

**BRYAN CAVE LLP**
Stephanie A. Blazewicz (SBN 240359)
2 Embarcadero Center, Suite 1410
San Francisco, California 94111
Telephone:    (415) 675-3400
Facsimile:    (415) 675-3434
stephanie.blazewicz@bryancave.com

Attorneys for Defendant
BAY AREA CABLEVISION, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| BERNARD LOVE,<br><br>     Plaintiff,<br><br>     vs.<br><br>BAY AREA CABLEVISION, INC., a California Corporation; DOES 1 through 50, inclusive,<br><br>     Defendant. | Case No.:  C0802012 JW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   September 8, 2008<br>Time:   10:00 a.m.<br>Ctrm:  8 |

SF/762.2

1    Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9 and this Court's

2    Standing Order, plaintiff Bernard Love ("Mr. Love") and defendant Bay Area Cablevision, Inc.

3    ("BAC") hereby submit the following Joint Case Management Statement.

4        **1.  Jurisdiction and Service**

5        This case was originally filed in the California State Superior Court for the County of

6    Santa Clara.  BAC has been served.  BAC filed a Notice of Removal, premising jurisdiction of

7    this Court on 28 U.S.C. §1441(b) (federal-question jurisdiction).  Mr. Love has filed a Motion for

8    Remand, challenging this Court's removal jurisdiction.  Mr. Love's Motion for Remand is set for

9    September 8, 2008.

10       **2.  Facts**

11       Mr. Love is the former holder of a license, issued by the FCC, for a multi-channel

12   multipoint distribution service ("MMDS"), call sign WNTM-579, serving the Los Gatos,

13   California area.  Mr. Love was issued the license by the FCC in or about 1992.

14       Mr. Love contracted with a California firm, Kingswood Associates, Inc., to assist him in

15   marketing the license.  In January 1993, with the assistance of Kingswood Associates, Mr. Love

16   entered into a five-year lease of the license to Gulf American, Inc.  The lease agreement was

17   subsequently assigned by Gulf American, Inc. to BAC.  The lease in question contained a

18   purchase option allowing the lessee to acquire the license, subject to FCC approval, from Mr.

19   Love for $60,000.00.  In 1996, BAC exercised this option and executed a written Assignment

20   Agreement and paid $60,000 for the license.  BAC then prepared an application for assignment of

21   the license, and submitted the application to the FCC, as required by applicable FCC rule.  BAC's

22   assignment application was placed on Public Notice pursuant to FCC regulations.  The FCC

23   ultimately granted approval for assignment of the license to BAC.  Since 1998, the FCC has

24   recognized BAC as the sole and rightful holder of the license.

25       Mr. Love asserts that the May 1996 Assignment Agreement was entered into without his

26   knowledge or consent, and that his signature was forged on the agreement, and on the transfer

27   application which was submitted by BAC to the FCC.  Mr. Love asserts that the Assignment

28   Agreement is void and invalid, as it was entered into without Mr. Love's knowledge, participation

1  or assent.  Mr. Love also asserts that the license transfer application was false and fraudulent, and

2  was submitted to the FCC without Mr. Love's knowledge or assent.

3      BAC disputes that the Assignment Agreement was forged, that it "actively concealed"

4  anything from Love, that it engaged in any fraudulent behavior, or that the Assignment

5  Agreement is either void or invalid.  BAC asserts that it is the rightful owner of the license.

6      **3.  Legal Issues**

7      BAC has filed a Motion to Dismiss on the basis that Mr. Love's claims are barred by the

8  applicable statute of limitations.

9      Mr. Love argues that the doctrine of equitable tolling applies under the facts as alleged in

10  Mr. Love's Complaint.  BAC disagrees that the doctrine of equitable tolling, the discovery rule,

11  or any other legal or equitable argument applies.

12      **4.  Motions**

13      Mr. Love filed a Motion for Remand pursuant to 28 USC §1447(c), on April 28, 2008.

14  BAC filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), on June 23, 2008.  The Court

15  has set both pending motions for hearing on September 8, 2008.

16      Mr. Love does not anticipate filing further motions, other than a motion for summary

17  judgment or partial summary judgment, if warranted by the information obtained through

18  disclosures and discovery.  Mr. Love may also file motions in limine, as appropriate, prior to trial.

19      BAC anticipates filing a Motion for Judgment on the Pleadings for Failure to Name a

20  Necessary and Indispensable Party and a Motion for Summary Judgment.  BAC reserves the right

21  to bring additional claims against Love and/or others once the parties have conducted reasonable

22  discovery.  BAC also anticipates filing motions in limine and discovery-related motions, if

23  necessary.

24      **5.  Amendment of Pleadings**

25      At this time, the parties do not anticipate adding parties, or adding or dismissing

26  claims or defenses.  The parties propose a deadline for amending the pleadings of January 30,

27  2009.

28

SF/762.2                                    - 3 -

1

**6.  Evidence Preservation**

2      The parties have taken reasonable steps to preserve and/or collect all documents

3  relevant to this action.

4

**7.  Disclosures**

5      As noted above, Mr. Love has filed a Motion for Remand, seeking remand of this case to

6  the California State Superior Court, and BAC has filed a Motion to Dismiss, seeking dismissal of

7  the Complaint.  In light of the pendency of these motions, the parties propose that initial

8  disclosures under Fed.R.Civ.P. 26(a)(1) be deferred until two weeks after the Court's rulings on

9  the parties' pending motions, in the event that both motions are denied.

10

**8.  Discovery**

11      The parties have yet to conduct discovery.  The parties anticipate conducting appropriate

12  discovery regarding the relevant course of events, as alleged in the Complaint.  Given the relative

13  simplicity of the factual issues involved in this case, the parties do not propose any changes in the

14  limitations set forth in Fed.R.Civ.P. 30(a)(1)(2)(A), or 33(a).  The parties propose that the Court

15  direct that all discovery be completed by March 27, 2009.

16

**9.  Class Actions**

17       Not applicable.

18

**10.  Related Cases**

19  None.

20

**11.  Relief**

21      Mr. Love is seeking declaratory relief with respect to the May 1996 Assignment

22  Agreement.  Mr. Love is seeking a declaration that the Assignment Agreement is void and

23  invalid, and setting aside the transfer of Mr. Love's right to the FCC broadband license to BAC

24  which is purported to be effected by the Assignment Agreement, and declaring Mr. Love to be the

25  true holder of the license.  Mr. Love is also seeking an accounting of the profits realized by BAC

26  through its holding and use of the FCC license, and a disgorgement of these profits to Mr. Love.

27  The amount of profits claimed to have been realized by BAC as a result of its holding and use of

28  the FCC license has not been determined at this time.

BAC is not seeking damages at this point.  BAC reserves the right to bring claims against Mr. Love and/or others once the parties have conducted reasonable discovery.  BAC otherwise denies that Mr. Love is entitled to any damages or other relief in this action.

**12.  <u>Settlement and ADR</u>**

The parties have conferred to select an ADR process, as required by ADR L.R. 3-5.  The parties propose that they participate in a court settlement conference, as provided by ADR L.R. 7.  The parties have not engaged in settlement discussions to date.  Settlement negotiations may be productive, upon the Court's ruling on BAC's pending Motion to Dismiss, and Mr. Love's pending Motion for Remand.

**13.  <u>Consent to Magistrate Judge for all Purposes</u>**

BAC filed a Declination to Proceed Before Magistrate Judge, and this case was reassigned to a United States District Court Judge.

**14.  <u>Other References</u>**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  <u>Narrowing of Issues</u>**

It does not currently appear that the issues in this case may be narrowed by agreement, or by motion.  The presentation of evidence at trial may be expedited by the use of summaries of evidence, as appropriate.  The parties are not able to enter into any factual stipulations at this time, due to the lack of disclosure or discovery.  Neither party intends to request a bifurcation of issues, claims or defenses.

**16.  <u>Expedited Schedule</u>**

The parties do not believe that this case may be appropriately handled on an expedited basis.

**17.  <u>Scheduling</u>**

The parties suggest that the Court set the following dates and deadlines in the case:

| | |
|---|---|
| **Completion of Fact Discovery:** | **March 27, 2009** |
| **Disclosure of Experts and Reports:** | **April 10, 2009** |

| | |
|---|---|
| 1 | **Deadline for Service of Rebuttal Expert Reports:** **April 24, 2009** |
| 2 | **Completion of Expert Discovery:** **May 8, 2009** |
| 3 | **Deadline to Hear Dispositive Motions:** **June 1, 2009** |
| 4 | **Pretrial Conference:** **June 19, 2009** |
| 5 | **Trial:** **June 29, 2009** |

6    **18.  Trial**

7    This case will be tried to the Court.  The trial is expected to take three days.

8    **19.  Disclosure of Non-Party Interested Entities or Persons**

9    Each party has filed a Certification of Interested Entities or Persons, as provided by Civil

10    Local Rule 3-16.  Defendant BAC is a wholly-owned subsidiary of Sprint Nextel Corporation, a

11    Delaware corporation.  The parties are not aware of any other entities or persons who either have

12    a financial interest in the case or in a party, or any other kind of interest that could be

13    substantially affected by the outcome of this case.

14    **20.  Other Matters**

15    None at this time.

16

17    Dated:  August 28, 2008             **LAW OFFICES OF ANTHONY E. BELL, INC.**

18                                                        **LICHTENFELS, PANSING & MILLER, P.C.**

19

20                                        By:  _James F. Scherer_____

21                                                    James F. Scherer
                                                    Attorneys for Plaintiff

22                                                    BERNARD LOVE

23

24    Dated: August 28, 2008             **BRYAN CAVE LLP**

25

26                                        By:  _____/s/ Stephanie A. Blazewicz_____
                                                    Stephanie A. Blazewicz

27                                                    Attorneys for Defendant
                                                    BAY AREA CABLEVISION, INC.

28