**BRYAN CAVE LLP**
Gregory D. Trimarche, California Bar No. 143686
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone:   (949) 223-7000
Facsimile:    (949) 223-7100
gregory.trimarche@bryancave.com

**BRYAN CAVE LLP**
Stephanie A. Blazewicz, California Bar No. 240359
2 Embarcadero Center, Suite 1410
San Francisco, CA 94111
Telephone:  (415) 675-3400
Facsimile:  (415) 675-3434
stephanie.blazewicz@bryancave.com

Attorneys for Defendant
BAY AREA CABLEVISION, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BERNARD LOVE,<br><br>         Plaintiff,<br><br>vs.<br><br>BAY AREA CABLEVISION, INC., a California Corporation; DOES 1 through 50, inclusive,<br><br>         Defendants. | Case No. C08 02012 JW<br><br>**DEFENDANT BAY AREA CABLEVISION, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Date:         September 8, 2008<br>Time:         9:00 a.m.<br>Courtroom:   8 |

Defendant BAY AREA CABLEVISION, INC. ("BAC") submits the following Reply Brief in Support of its Motion to Dismiss plaintiff Bernard Love's ("Love") Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## I. INTRODUCTION

Love did not file his Opposition to BAC's Motion to Dismiss (the "Opposition") until August 25, 2008, a week after his deadline and a few hours after BAC filed its Notice of Non-Opposition. Regardless of the untimely filing, the Opposition fails to set forth a valid argument to contradict BAC's Motion to Dismiss. Love's Opposition asserts that he did not discover the alleged fraud until July 2006 and that, regardless of the facts underlying his allegations having been public record for almost a decade, the statute of limitations should be tolled until July 2006 because of unspecified actions by BAC to conceal the assignment of the FCC license for station WNTM579 (the "License"). Love's arguments fail. First, based on Love's allegations in the Complaint and his arguments in the Opposition, the statute of limitations began running, at the latest, in 1998 when the FCC approved the assignment of the License to BAC and when Love admits that he began his investigation into the status of the License. Second, after 1998, it was impossible for BAC to have "actively concealed" the assignment of the License and the FCC's recognition of BAC as the holder of the License because both were of public record at all times and Love was on notice of a potential claim. Thus, based on the three-year statute of limitation applicable to fraud claims, Love's complaint should have been filed no later than 2001.[1] The Complaint was filed on January 14, 2008.

For these reasons, BAC requests that this Court strike Love's Opposition and grant its Motion to Dismiss.

## II. LOVE'S OPPOSITION IS UNTIMELY

Pursuant to Civil Local Rule 7-3(a) in the Northern District of California, "[a]ny opposition to a motion must be served and filed not less than 21 days before the hearing date." L.R. 7-3(a). Further, pursuant to Civil Local Rule 11-4(a), "[e]very member of the bar of this Court and an attorney permitted to practice in this Court under Civil L. R. 11 must . . . (1) Comply

---

[1] BAC's Motion to Dismiss argues that either the three-year statute of limitation applicable to fraud claims or the four-year statute of limitation applicable to contract claims may apply to Love's Complaint. However, Love admits in his Opposition that the three-year statute of limitation applicable to fraud claims is the proper standard. (*See* Opposition at 6:19-22.)

KC01DOCS921686.4

2

REPLY BRIEF IN SUPPORT OF
12(b)(6) MOTION TO DISMISS

1 with the Local Rules of this Court . . . ."

2     Here, BAC filed and served its Motion to Dismiss on June 23, 2008, and the hearing date
3 was initially set for September 22, 2008. The Court advanced the hearing date to September 8,
4 2008. (See ECF #24.) Thus, Love's opposition or statement of non-opposition to the Motion to
5 Dismiss was due on August 18, 2008, 21 days prior to the September 8, 2008 hearing date.
6 BAC's reply brief in support of the Motion to Dismiss was due on August 25, 2008. (See L.R. 7-
7 3(c).) On August 25, 2008, BAC notified the Court that Love had not filed an opposition or
8 statement of non-opposition. Later that day, Love filed his untimely Opposition. Love failed to
9 request leave to file the Opposition after the date required by the local rules and failed to address
10 the untimely filing in his Opposition.

11     Civil Local Rule 1-4 provides for the imposition of any authorized sanction upon the
12 failure of counsel to comply with a local rule. (See L.R. 1-4.) BAC requests that the Court strike
13 Love's Opposition and grant its Motion to Dismiss. See Woodfin Suite Hotels v. City of
14 Emeryville, No. C 07-1719 SBA, 2007 U.S. Dist. LEXIS 44079, (N.D. Cal. June 7, 2007)
15 (striking opposition to motion to dismiss as untimely).

### III. LOVE'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

17     In the Opposition, Love admits that his cause of action is based upon fraud. (See
18 Opposition at 4.) Love also admits that the applicable statute of limitations is three years. (Id.) A
19 cause of action accrues when it is complete with all of its elements. See Norgart v. Upjohn Co.,
20 21 Cal. 4th 383, 397 (1999). The only possible allegation of fraud alleged in the Complaint
21 occurred in 1996, although the Complaint does not allege that BAC actually committed any fraud.
22 Love did not file his Complaint until January 14, 2008 – twelve years after the alleged fraud.

23     To avoid the three year statute of limitations, Love claims the "fraudulent concealment"
24 doctrine rather than the "discovery rule" applies and therefore the three year statute of limitations
25 did not begin to run until Love had actual knowledge of purported fraudulent assignment. Love's
26 argument misconstrues the facts and misapplies the law. Assuming that BAC concealed the
27 assignment of the License, Love should have filed the lawsuit, if at all, seven years ago. He did
28 not and it should now be dismissed.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

### A. Even If The Fraudulent Concealment Doctrine Applies, Love's Complaint Is Barred By The Statute Of Limitations

In this case, the discovery rule and the fraudulent concealment doctrine offer a distinction without a difference. See Bernson v. Browning-Ferris Industries, 7 Cal. 4th 926, 931 (1994) (a "close cousin of the discovery rule is the principle of fraudulent concealment"). "It has long been established that the defendant's fraud in concealing a cause of action against him tolls the applicable statute of limitations, but only for that period during which the claim is undiscovered by the plaintiff or until such time as plaintiff, by the exercise of reasonable diligence, should have discovered it." Sanchez v. South Hoover Hospital, 18 Cal. 3d 93, 99 (1976). As opposed to the discovery rule, fraudulent concealment tolls the statute of limitations only when, as a result of the defendant's intentional concealment, plaintiff fails to discover a critical fact. See Goldrich v. Natural Y Surgical Specialties, Inc., 25 Cal. App. 4th 772, 784 (1994).

> Succinctly stated, the rule of fraudulent concealment provides that a "defendant's fraud in concealing a cause of action against him tolls the applicable statute of limitations." This rule serves an obvious equitable purpose: it prevents "the culpable defendant . . . from profiting by his own wrong to the extent that it hindered an 'otherwise diligent' plaintiff in discovering his cause of action."

Gramendi v. SDI Vendome S.A., 276 F. Supp. 2d 1030 (C.D. Cal. 2003).

Love incorrectly asserts that the fraudulent concealment doctrine tolls the statute of limitations until the plaintiff has actual knowledge of the alleged wrongdoing. To the contrary, the fraudulent concealment doctrine does not require actual notice. See Gramendi v. SDI Vendome S.A., 276 F. Supp. 2d 1030 (C.D. Cal. 2003). According to Migliori v. Boeing North American, Inc., 114 F. Supp. 2d 976, 985 (C.D.Cal. 2000), a case cited by Love in the Opposition, under the fraudulent concealment doctrine, "when a plaintiff receives information sufficient to put him on inquiry notice, the statute of limitations will begin to run if the plaintiff does not reasonably exercise due diligence in conducting the inquiry. In other words, he is held to be on notice of all facts he could have learned through a reasonably diligent inquiry."

Under California law, the fraudulent concealment doctrine requires "the same pleading and proof as required in the fraud cases, i.e., the plaintiff must show (a) the substantive elements of fraud, and (b) an excuse for late discovery of the facts." Snapp v. Malcolm, 96 Cal. App. 4th 884, 890 (2002). In this context, claims of fraudulent concealment, "are subject to strict requirements of particularity in pleading.... [F]airness to the defendant demands that he [or she] should receive the fullest possible details of the charge in order to prepare his [or her] defense.... Every element of the cause of action for fraud must be alleged in the proper manner (i.e., factually and specifically), and the policy of liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a pleading defective in any material respect." Committee on Children's Television, Inc. v. General Foods Corp. 35 Cal. 3d 197, 216 (1983). A fraud cause of action as well as a fraudulent concealment defense must plead facts that "show how, when, where, to whom, and by what means the representations were tendered." Lazar v. Superior Court, 12 Cal. 4th 631, 645; see also Goldrich v. Natural Y Surgical Specialties, Inc., 25 Cal. App. 4th 772, 782 (1994) ("the plaintiff must, at a minimum, set out a representative selection of the alleged misrepresentations sufficient to permit the trial court to ascertain whether the statements were material and otherwise actionable"].)

The Complaint does not plead fraud or fraudulent concealment, much less with specificity. The entirety of Love's fraudulent concealment allegations are as follows: "Upon information and belief, Kingswood and BAC intentionally concealed the application for the assignment of the License from Plaintiff to BAC." (Compl. at ¶ 12.) Love's Complaint does not assert that BAC, Kingswood, or anyone else, attempted to conceal the public record which reflected that the FCC recognized BAC as the lawful holder of the License since 1998. One cursory sentence that is procedurally deficient, factually inaccurate, and contradicted by the remaining allegations in the Complaint cannot salvage Love's time-barred Complaint.[2]  Bradler v. Craig, 274 Cal. App. 2d

---

[2] Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Similarly, under California law, a cause of action for fraud requires the showing of representation, falsity, knowledge of falsity, intent to deceive, justifiable reliance and resulting damages. Stansfield v. Starkey, 220 Cal. App. 3d 59, 72-73 (1990). In other words, to support a fraud claim in this action,

Continued on Next Page
KC01DOCS921686.4

5

1  466, 472 (1969) (mere conclusory assertions that delay in discovery was reasonable is insufficient
2  to withstand general demurrer to complaint).

### B.   The Assignment of the License Became a Matter of Public Record in 1998

In the context of the discovery rule or the fraudulent concealment doctrine, not only is the Complaint fatally deficient, it is also factually inaccurate. Indeed, the facts that Love now alleges were intentionally concealed from him were actually made a part of the public record nearly eleven years before the Complaint was filed. (See Compl. at ¶ 11 ("Pursuant to the May 1996 Assignment Agreement, BACI submitted an application for assignment of the license, with the [allegedly forged] Assignment Agreement and other supporting documentation …").) Under applicable FCC Regulations, the application for assignment that Love admits BAC filed with the FCC in 1996 became part of the public record. See 47 C.F.R. § 21.27 (requiring the FCC to issue public notice of, among other things, applications of assignments). Not only was the FCC required by statute to issue a public notice of the subject application, but it was also required by law to maintain the application for public inspection. See 47 C.F.R. § .0441 ("Any person desiring to obtain information may do so by contacting the Consumer and Governmental Affairs Bureau …"); 47 C.F.R. § .0451, Inspection of Records; 47 C.F.R. § .0453, Public Reference Rooms (requiring the FCC to maintain for public inspection files containing the record of all docketed cases). Under either the discovery rule of the fraudulent concealment doctrine, Love is deemed to have constructive notice of this matter of public record. See Community Cause v. Boatwright, 124 Cal. App. 3d 888, 902 (1981) ("When a plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge

---

Plaintiff must allege the following elements: (1) BAC must have made a representation as to a past or existing material fact; (2) the representation must have been untrue; (3) regardless of its actual belief, BAC must have made the representation without any reasonable ground for believing it to be true; (4) the representation must have been made with the intent to induce Plaintiff to rely upon it; (5) Plaintiff must have been unaware of the falsity of the representation; (6) Plaintiff must have acted in reliance upon the truth of the representation; (7) Plaintiff must have been justified in relying upon the representation; and (8) as a result of his reliance upon the truth of the representation, Plaintiff must have sustained damage. Plaintiff makes no such allegations.

from sources open to his investigation (such as public records or corporation books), the statute applicable to the cause of action commences to run") (emphasis added); accord, Kline v. Turner, 87 Cal. App. 4th 1369, 1374 (2001) (same). "When the claim is one of concealment and the very facts allegedly concealed are available in public records, the argument that the plaintiffs should, as a matter of law, be held to constructive knowledge of their cause of action is much stronger." Conmar Corp. v. Mitsui & Co., 858 F.2d 499, 505 (9th Cir. 1988).

In addition to failing to plead fraud, fraudulent concealment, or either with the required specificity, Love has also not alleged a reasonable excuse for late discovery of the relevant facts. Boatwright, 124 Cal. App. 3d at 902 (holding that Plaintiff must allege with specificity a reasonable excuse for late discovery of facts to rely on fraudulent concealment doctrine). The Complaint does not even provide a logical explanation why – after ten years of searching—he was unable to access information regarding his own license when the FCC files in question were required, by law, to be made accessible to the general public. BAC could not have "intentionally concealed" the purported transfer of the license. To the contrary, BAC filed all relevant documents with the FCC and made sure that evidence of the transfer was accessible to anyone and everyone that asked.

Not only does Love not explain why he could not access otherwise accessible public documents, but he also fails to explain why it took him ten years to finally gain access to the assignment documents. In the Complaint, Love claims that he attempted to contact Kingswood and/or make inquiries with the FCC between 1998 and 2006. (Compl. at ¶ 14.) After eight years of allegedly calling or writing Kingswood and the FCC (the Complaint does not specify what Love did to contact these entities), Love then asked U.S. Rep. Diana DeGette (D. Colo.) for information regarding the License. (Id. at ¶ 15.) Presumably, Love could have contacted his U.S. Representative in 1998 when he was allegedly unsuccessful in accessing these otherwise freely accessible public documents from the FCC. For whatever reason, Love decided to wait for eight years. Casualty Insurance Co. v. Rees Investment Co., 14 Cal. App. 3d 716, 719 (1971) (Plaintiff must plead and prove facts showing lack of means of obtaining knowledge). In addition, Love does not allege that BAC somehow kept him from contacting Rep. DeGette or the FCC's

1  Consumer and Governmental Affairs Bureau between 1996 and 2006. As a result, neither the
2  discovery rule nor the fraudulent concealment doctrine have any application in this matter, the
3  three year statute of limitations lapsed in 1999, or at the latest in 2001, and the Complaint should
4  be dismissed.

5  Lastly, Love argues that his Complaint cannot be dismissed at this stage because the
6  "reasonableness" of his investigation is a question of fact. Again, he is wrong. In <u>Moore v.</u>
7  <u>Hammond, Martin, Walsh & Smith</u>, Case No. CV001827, 2002 WL 27138 *6 (Marin County
8  Super. Ct., Jan. 10, 2002), the Court flatly rejected Love's argument and dismissed the lawsuit as a
9  matter of law notwithstanding the fact that the Plaintiff argued that the issue of fraudulent
10 concealment was a factual argument that could not be decided at a pleading stage. <u>See also</u> <u>Silver</u>
11 <u>v. Watson</u>, 26 Cal. App. 3d 905, 991 (1972) (plaintiff was not entitled to equitable tolling and the
12 Court sustained dismissal after demurrer).

13 **IV.   <u>CONCLUSION</u>**

14 For the foregoing reasons, BAC respectfully requests that the Court strike Love's
15 Opposition and grant BAC's Motion to Dismiss in its entirety.

17 Dated:  September 2, 2008                BRYAN CAVE LLP
                                            Gregory D. Trimarche
18                                          Stephanie A. Blazewicz

19                                          By:  /s/  Stephanie A. Blazewicz
20                                                Stephanie A. Blazewicz
                                            Attorneys for Defendant
21                                          BAY AREA CABLEVISION, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414